**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Case No.: 0:26-cv-02856-JRT-LIB

Rockefeller Photos, LLC,

Plaintiff,

v.

Koplin's Village Market, Inc. and Mason Brothers Company,

Defendants.

**DEFENDANT MASON BROTHERS COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF RULE 12 MOTION**

---

## INTRODUCTION

This case is pleaded against two different defendants as though they were one. Plaintiff Rockefeller Photos, LLC ("Rockefeller") alleges that Defendant Koplin's Village Market, Inc. ("Koplin's Market") operated a supermarket, that Mason Brothers Company was a wholesale grocery distributor that provided advertising support, and that "Defendants" collectively copied, displayed, published, refused to remove, interfered, acted negligently, acted willfully, and became liable under multiple direct and secondary theories of copyright liability. The problem is not simply the Complaint's drafting style. Throughout the pleading, Plaintiff lumps the two separate defendants together without identifying which defendant is responsible for which alleged conduct.

Mason Brothers does not ask the Court, at this stage, to decide the entire copyright dispute on the merits. Nor does Mason Brothers ask the Court to resolve factual issues about whether any grocery advertisement ultimately contained an image for which Plaintiff can prove ownership, standing, copying, damages, or causation. The motion is narrower

and more appropriate for Rule 12: Plaintiff must plead facts supporting the claims, theories, and remedies it chose to assert against Mason Brothers specifically.

Plaintiff has not done that. It pleads one federal copyright count and adds two state-law claims - tortious interference with business relations and negligence. It then invokes direct, contributory, and vicarious infringement, alleges willfulness, seeks statutory damages and attorney's fees, and requests injunctive relief. But the Complaint does not plead who selected the accused images, who obtained them, who controlled the Facebook posts listed in Exhibit A, who uploaded them, who had authority to remove them, what notice Mason Brothers received, when Mason Brothers received it, what Mason Brothers allegedly did after receiving any notice, or how Mason Brothers supposedly received a direct financial benefit from any alleged infringement.

These omissions matter under Rule 8. A plaintiff may not obtain discovery and settlement leverage through labels and collective pleading. The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* require factual allegations that plausibly connect the defendant to the alleged misconduct. That requirement is especially important where the Complaint asserts different theories with different elements against different defendants who allegedly had different roles.

The state-law claims should be dismissed. The tortious-interference claim does not identify any third party, prospective license, lost transaction, or Mason-directed interference with a specific relationship. Minnesota law requires more. The negligence claim identifies no duty independent of copyright law and merely recasts alleged unauthorized use of photographs as a failure to use reasonable care to obtain permissions.

Both claims also duplicate copyright rights and are preempted under 17 U.S.C. § 301 to the extent they rest on unauthorized copying, display, distribution, or licensing harm.

The secondary-liability theories should also be dismissed or narrowed. Contributory infringement requires knowledge of specific infringing activity and material contribution to that infringement. Vicarious infringement requires the right and ability to supervise the infringing activity and a direct financial benefit from the infringement. Plaintiff pleads neither theory with Mason-specific facts. A vendor or supplier relationship with a grocery store is not the same thing as control over that store's Facebook page or publication decisions. A generalized allegation that Mason's name appeared in circulars is not a direct financial benefit from infringement.

The willfulness allegations are equally deficient. Plaintiff relies on ordinary website copyright notices and unspecified post-notice communications. But a business's use of a copyright notice on its own website does not plausibly show that the business knew that specific food photographs belonged to Prepared Food Photos, that Rockefeller held exclusive enforcement rights, or that any specific use was unauthorized. And a post-notice theory cannot be pleaded collectively. Plaintiff must plead what notice Mason Brothers received, when it received it, what it identified, and whether Mason Brothers had the ability to remove the accused material.

Finally, Plaintiff's demand for statutory damages and attorney's fees must be dismissed, stricken, limited, or clarified. Section 412 of the Copyright Act bars statutory damages and attorney's fees for infringement that commenced before registration, unless a statutory exception applies. Plaintiff's Exhibit A lists registration dates, but the

Complaint does not plead when Mason Brothers allegedly first copied, acquired, selected, placed, displayed, distributed, published, or otherwise used each asserted work. Plaintiff should not be permitted to preserve statutory-damages leverage while withholding the commencement dates necessary to determine whether those remedies are available.

For these reasons, Mason Brothers respectfully requests dismissal of Counts II and III; dismissal or narrowing of Plaintiff's contributory infringement, vicarious infringement, and willfulness theories; dismissal, striking, or limitation of statutory damages and attorney's fees to the extent barred by § 412; and, at minimum, a more definite statement requiring Plaintiff to identify the Mason-specific facts and dates on which its claims and remedies depend.

## FACTUAL BACKGROUND

For purposes of this motion only, Mason Brothers addresses the allegations as pleaded and does not admit them.

### A. Plaintiff's alleged rights arise from Prepared Food Photos and a December 2024 Agency Agreement.

Plaintiff alleges that it is a provider of photography and videography in the food-and-beverage industry. Compl. ¶ 7. Plaintiff further alleges that Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. created and owns approximately 18,000 food-related photographs. Compl. ¶ 8. Plaintiff alleges that one or more photographers employed by Prepared Food Photos created multiple photographs of food items, collectively called the "Work," allegedly infringed by Defendants. Compl. ¶ 9.

The Complaint does not allege that Rockefeller created the photographs, owns the photographs, registered the photographs, licensed the photographs, or had any copyright interest in them. Plaintiff instead alleges that Prepared Food Photos owns the photographs and that Rockefeller obtained rights under an Agency Agreement dated December 12, 2024. Compl. ¶¶ 11-13. Plaintiff alleges that the Agency Agreement conveyed exclusive licensing and enforcement rights, including the right to pursue infringement claims. Compl. ¶ 13.

This matters because the Complaint's standing and damages allegations are tied to a licensing business model. Plaintiff alleges that it became the exclusive licensor and distributor of Prepared Food Photos' image library after the Agency Agreement. Compl. ¶ 14. Yet the Complaint does not connect that licensing theory to any Mason-specific lost license, lost customer, lost subscriber, or identifiable third-party expectancy.

**B. The Complaint alleges different roles for Koplin's Market and Mason Brothers.**

Plaintiff alleges that Koplin's Market owns and operates a supermarket in Minnesota. Compl. ¶ 17. Plaintiff alleges that Koplin's Market advertises and markets through its website, social media and other advertising. Compl. ¶ 18.

Plaintiff's allegations about Mason Brothers are different. Plaintiff alleges that Mason Brothers is a wholesale grocery distributor that provides support services, including in-store merchandising, advertising services, and logistics. Compl. ¶ 19. Plaintiff alleges that Mason Brothers "designs and prints weekly circulars for grocery stores such as

Koplin's Market." *Id*. Plaintiff also alleges that Mason Brothers markets its own business through its website, social media and other forms of advertising. Compl. ¶ 20.

The Complaint then moves from role-specific allegations to collective conclusions. It alleges "upon information and belief" that Defendants maintained a contractual relationship under which Mason Brothers created flyers or advertisements that were then published by Defendants in connection with marketing both Koplin's Market and Mason Brothers' businesses. Compl. ¶ 21. The Complaint does not attach the alleged contract, quote any provision, identify who selected the images, identify who supplied the images, identify who approved final ads, identify who controlled any Facebook page, or identify who had authority to remove accused content.

Plaintiff next alleges that "Defendants displayed and/or published the Work on Defendants' website, webpage, social media, and/or printed media." Compl. ¶ 22. That allegation is too generalized to support the specific theories Plaintiff asserts. It does not identify which defendant displayed which work, on which platform, through what account, on what date, under whose control, or after what notice.

### C. Exhibit A identifies works and Facebook links, but does not plead Mason Brothers-specific conduct.

Exhibit A lists two (2) works, registration numbers, registration dates, and links to alleged infringements. Compl. Ex. A. It provides some information about the works and alleged online locations. It does not cure the pleading defect as to Mason Brothers.

Exhibit A does not allege that Mason Brothers owned the Facebook account. It does not allege that Mason Brothers controlled the Facebook account. It does not allege that

Mason Brothers uploaded the Facebook posts. It does not allege that Mason Brothers selected the images. It does not allege that Mason Brothers had administrative access to remove the posts. It does not allege that Mason Brothers received notice identifying the specific links. And it does not allege facts showing that Mason Brothers received a direct financial benefit from any alleged infringement.

The missing facts are important because Plaintiff asserts not merely direct infringement, but also contributory infringement, vicarious infringement, willfulness, tortious interference, negligence, statutory damages, and attorney's fees.

**D. Plaintiff pleads three counts but seeks broad remedies.**

Count I asserts copyright infringement. Compl. ¶¶ 33-45. Plaintiff alleges that Defendants reproduced, distributed, displayed, and/or publicly displayed the Work without authorization. Compl. ¶ 38. Plaintiff then alleges in one sentence that "Defendants' infringement was either direct, vicarious, and/or contributory." Compl. ¶ 39. Plaintiff alleges willfulness based on generalized assertions that Defendants understood copyright protection and allegedly failed to remove the Work after communications. Compl. ¶ 40.

Count II asserts tortious interference with business relations. Plaintiff alleges that it has ongoing licensing or subscription relationships with "numerous businesses, including competitors of Defendants," and that Defendants interfered by creating weekly advertisements using the image library without payment. Compl. ¶¶ 48-50. The Complaint does not identify any specific third party, pending deal, prospective license, lost transaction, customer, subscriber, negotiation, or business expectancy.

Count III asserts negligence. Plaintiff alleges that Defendants owed a duty to exercise reasonable care to ensure that photographs used in weekly ads and marketing materials had proper licenses and permissions. Compl. ¶ 54. Plaintiff alleges breach based on publication of ads or marketing materials containing the Work and failure to confirm rights. Compl. ¶ 55. The alleged injury is deprivation of Plaintiff's ability to control, sell, market, or distribute the Work. Compl. ¶ 56.

Plaintiff seeks a broad remedy package: actual damages and profits, statutory damages, attorney's fees, interest, and injunctive relief. Compl. ¶¶ 42-45 & Prayer for Relief. That remedy package depends on allegations Plaintiff has not pleaded, including Mason-specific conduct, willfulness, control, direct financial benefit, and infringement commencement dates for purposes of 17 U.S.C. § 412.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6) Requires Plausible, Defendant-Specific Factual Allegations.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But Rule 8 does not permit a plaintiff to proceed on labels and conclusions. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), the Supreme Court held that a complaint must plead enough facts to state a claim to relief that is plausible on its face. A formulaic recitation of elements does not suffice. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court reaffirmed that courts disregard legal conclusions couched as factual allegations and ask

whether the remaining factual content allows a reasonable inference that the defendant is liable.

The Eighth Circuit applies the same plausibility standard. A complaint must contain factual allegations sufficient to raise a right to relief above the speculative level. Courts accept factual allegations as true but do not accept legal conclusions, conclusory statements, or naked assertions lacking factual enhancement. *See, e.g.*, *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010); *Barton v. Taber,* 820 F.3d 958, 964 (8th Cir. 2016).

Where multiple defendants are named, the plaintiff must give each defendant fair notice of the conduct attributed to that defendant. *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); *see also I.E.C. ex rel. J.R. v. Minneapolis Pub. Sch., SSD No. 1*, 970 F. Supp. 2d 917, 928 (D. Minn. 2013) (collecting cases). Collective allegations may be permissible for genuinely collective conduct, but they are insufficient where they obscure who did what and are used to plead distinct theories requiring distinct elements. *Cf Kruger v. Lely N. Am., Inc*., 518 F. Supp. 3d 1281, 1293 (D. Minn. 2021) (noting collective allegations may be appropriate "[w]hen multiple defendants are members of the same corporate family, are wholly owned subsidiaries"). That concern is critical here because Plaintiff asserts direct infringement, contributory infringement, vicarious infringement, willfulness, state-law interference, negligence, statutory damages, and attorney's fees against Mason Brothers without pleading Mason-specific facts for those theories.

### B. Rule 12(e) Permits Clarification when a Pleading is Too Vague to Answer.

Rule 12(e) authorizes a motion for a more definite statement when a pleading is so vague or ambiguous that the responding party cannot reasonably prepare a response. The rule is not a discovery substitute, but it permits clarification when a complaint's ambiguity prevents a defendant from understanding the conduct at issue. A more definite statement is appropriate where the complaint uses broad collective pleading and fails to identify the specific acts, dates, accounts, actors, or control allegations forming the basis of liability.

Here, the problem is not that Mason Brothers wants discovery before answering. The problem is that Plaintiff's pleading does not tell Mason Brothers which alleged acts Mason Brothers itself supposedly performed, when those acts occurred, whether they occurred before or after registration, what notice Mason Brothers received, what content Mason Brothers allegedly controlled, or which third-party relationships Mason Brothers allegedly disrupted. If the Court does not dismiss the deficient claims and theories, it should require Plaintiff to plead those facts before the case proceeds.

## ARGUMENT

### I. COUNT II SHOULD BE DISMISSED BECAUSE PLAINTIFF DOES NOT PLEAD A PLAUSIBLE TORTIOUS-INTERFERENCE CLAIM

Count II should be dismissed for three independent reasons. First, to the extent Count II is based on unauthorized use of copyrighted photographs, it is preempted by the Copyright Act. Second, Plaintiff does not identify the specific third-party relationship or expectancy required by Minnesota law. Third, Plaintiff does not plead Mason-specific intentional interference directed at any such relationship.

**A. Count II is preempted because it is equivalent to the copyright claim.**

The Copyright Act preempts state-law claims that fall within the subject matter of copyright and assert rights equivalent to copyright's exclusive rights. 17 U.S.C. § 301. The Eighth Circuit applies the "extra element" test: a state-law claim avoids preemption only if an extra element changes the nature of the claim so that it is qualitatively different from copyright infringement. *National Car Rental System, Inc. v. Computer Associates International, Inc.*, 991 F.2d 426 (8th Cir. 1993).

*Munro v. Lucy Activewear, Inc.*, 899 F.3d 585 (8th Cir. 2018) confirms the point in a closely related context. There, the Eighth Circuit held that tortious-interference claims were preempted where the alleged interference was based on rights equivalent to those protected by copyright. 899 F.3d at 592. The court's analysis reinforces that a plaintiff cannot avoid copyright preemption by recasting unauthorized use of protected expression as interference with business opportunities.

Here, Count II is based on the same alleged conduct as Count I. Plaintiff alleges that Defendants used the image library in weekly advertisements without payment and thereby interfered with Plaintiff's licensing market. Compl. ¶ 50. The rights Plaintiff seeks to vindicate are the rights to control copying, display, distribution, marketing, licensing, and exploitation of photographs. Those rights are equivalent to copyright rights. Plaintiff does not plead any qualitatively different act, such as inducing an identified third party to breach a contract or abandon a specific license. Count II should be dismissed.

**B. Minnesota law requires a specifically identified third-party relationship or expectancy.**

Minnesota recognizes tortious interference with prospective economic advantage, but the claim requires more than a general allegation of business harm. In *Gieseke v. IDCA, Inc.*, 844 N.W.2d 210, 221-22 (Minn. 2014), the Minnesota Supreme Court made clear that the plaintiff must specifically identify third parties with whom the plaintiff had a reasonable expectation of a future economic relationship and must show damages caused by the defendant's wrongful interference with that relationship. The requirement is not optional. *See Int'l Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1405 (8th Cir. 1993) (noting that "the mere general loss of possible unspecified customers" is not sufficient under Minnesota law). Without an identified third party or expectancy, there is no way to determine whether the defendant knew of the relationship, intentionally interfered with it, caused its loss, or caused non-speculative damages.

Here, Plaintiff alleges only that it maintains "ongoing licensing/subscription relationships with numerous businesses, including competitors of Defendants." Compl. ¶ 48. That allegation identifies no one. It does not name a licensee, subscriber, prospective licensee, customer, negotiation, lost deal, sales lead, or specific business expectancy. It does not allege that Mason Brothers knew of any particular business relationship or acted to disrupt it.

Minnesota courts reject tortious-interference theories that rest on generalized assertions of business harm rather than a specific relationship. *Gieseke* controls that point. Plaintiff's claim is even weaker because the alleged interference is not Mason Brothers' communication with or inducement of a third party. It is the same alleged unauthorized use of images that forms the copyright claim. Thus, even if Plaintiff's tortious-interference

claim was not preempted by federal copyright law, Plaintiff's pleadings are insufficient to support such a claim.

### C. Plaintiff does not plead intentional interference by Mason Brothers.

A tortious-interference claim requires intentional interference. *Gieseke*, 844 N.W.2d at 219. Plaintiff pleads no Mason-specific act directed at any third-party relationship. It does not allege that Mason Brothers contacted a Rockefeller customer, induced a customer not to license images, misrepresented Rockefeller's rights, diverted a specific deal, or targeted any identified licensee or prospective licensee.

Instead, Plaintiff alleges that "Defendants" created weekly advertisements using images without paying Plaintiff and thereby undercut Plaintiff's ability to compete. Compl. ¶ 50. That allegation may describe Plaintiff's theory of copyright damages, but it does not plead intentional interference with a specific business relationship. If generalized marketplace competition or alleged infringement were enough, every copyright plaintiff could add a tortious-interference claim by alleging that unauthorized use reduced licensing value. Minnesota law does not allow that expansion.

## II. COUNT III SHOULD BE DISMISSED BECAUSE THE NEGLIGENCE CLAIM IS DUPLICATIVE, PREEMPTED, AND DOES NOT PLEAD AN INDEPENDENT DUTY

Count III should be dismissed because it merely repackages copyright infringement as negligence. Plaintiff alleges that Defendants owed a duty to exercise reasonable care to ensure that photographs used in weekly ads and marketing materials had proper licenses and permissions. Compl. ¶ 54. Plaintiff alleges breach because Defendants published ads or marketing materials containing the Work and failed to confirm rights. Compl. ¶ 55.

Plaintiff alleges injury because it was deprived of the right to control, sell, market, and distribute the Work. Compl. ¶ 56. Those are copyright allegations, not an independent negligence claim.

### A. The Copyright Act preempts equivalent state-law claims

The photographs at issue fall within the subject matter of copyright. The negligence claim seeks to vindicate rights equivalent to the exclusive rights in § 106: reproduction, distribution, display, and control over exploitation. 17 U.S.C. §§ 106, 301. The Copyright Act preempts state-law claims that fall within the subject matter of copyright and seek to vindicate rights equivalent to copyright's exclusive rights. 17 U.S.C. § 301. As noted, the Eighth Circuit's decision in *National Car Rental System, Inc.*, 991 F.2d 426, applies the extra-element analysis: a state-law claim avoids preemption only if it contains an extra element that makes the claim qualitatively different from copyright infringement.

Count III contains no qualitative extra element. Plaintiff alleges failure to obtain or confirm permission before using copyrighted works. That is equivalent to a copyright claim. The word "negligence" does not change the nature of the right asserted.

In *Gary Friedrich Enterprises*, the court found that copyright law preempted the plaintiff's negligence claim because the negligence claim essentially restated the plaintiff's copyright infringement claim and failed to allege any assert an extra element beyond the same rights protected by federal copyright. *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 713 F. Supp. 2d 215, 227-28 (S.D.N.Y. 2010); *see also Marvullo v. Gruner + Jahr AG & Co*, No. 98 Civ. 5000, 2001 U.S. Dist. LEXIS 266, 2001 WL 40772, at *7 (S.D.N.Y. Jan. 17, 2001); *Dielsi v. Falk*, 916 F. Supp. 985, 992-93 (C.D. Cal.

1996); *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1190-91 (C.D. Cal. 2001), *aff'd in part, dismissed in part*, 90 F. App'x 496 (9th Cir. 2003); *Bridgeport Music, Inc. v. 11C Music*, 154 F. Supp. 2d 1330, 1335 (M.D. Tenn. 2001); *Watermark Publrs. v. High Tech. Sys.*, No. 95-3839-IEG, 1997 U.S. Dist. LEXIS 22512, at *15 (S.D. Cal. June 18, 1997) (preempting negligence claims because any duty to protect another from copyright infringement came from protection of copyright law).

**B. Plaintiff pleads no duty independent of copyright law.**

Even if Plaintiff's negligence claim was not preempted by federal copyright law, negligence under Minnesota state law requires duty, breach, causation, and damages. Minnesota law treats duty as a threshold legal issue. *See, e.g., Schweich v. Ziegler, Inc.,* 463 N.W.2d 722 (Minn. 1990). Plaintiff alleges a duty to ensure that photographs had licenses and permissions. But the Complaint identifies no source of that duty independent of copyright law.

A plaintiff cannot create an independent negligence duty simply by alleging that a defendant should have been more careful before engaging in alleged infringement. If that were enough, every copyright claim could be duplicated as negligence. The Copyright Act would no longer provide the exclusive framework Congress created for infringement remedies.

**C. The negligence claim is not pleaded against Mason Brothers specifically.**

Even if a negligence theory could exist, Plaintiff does not plead it against Mason Brothers with facts. The Complaint does not allege that Mason Brothers selected the accused images, controlled the Facebook posts, administered the relevant account, or had

a tort duty to clear copyrights for Koplin's Market's social-media activity. It does not identify any Mason employee, act, date, decision, or omission. Based upon this deficiency, Count III should be dismissed.

## III. PLAINTIFF'S CONTRIBUTORY INFRINGEMENT THEORY SHOULD BE DISMISSED OR NARROWED BECAUSE PLAINTIFF PLEADS NO MASON-SPECIFIC KNOWLEDGE OR MATERIAL CONTRIBUTION.

Plaintiff's contributory infringement theory consists of a single conclusory sentence: "Defendants' infringement was either direct, vicarious, and/or contributory." Compl. ¶ 39. That allegation recites labels, not facts.

Contributory copyright infringement requires knowledge of another's infringing activity and conduct that induces, causes, or materially contributes to that infringement. The Supreme Court's decision in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), recognizes secondary copyright liability where a defendant engages in culpable conduct that intentionally fosters infringement. *A&M Records v. Napster*, 239 F.3d 1004 (9th Cir. 2001) states a similar premise: knowledge plus material contribution. Courts routinely require facts supporting both elements.

### A. Plaintiff does not plead Mason Brothers' knowledge of specific infringement.

Knowledge cannot be pleaded by saying photographs look professional. Plaintiff alleges that the Work was "clearly professional photography" and that Defendants therefore should have known it was not intended for public use. Compl. ¶ 28. That allegation is unconvincing as a basis for contributory infringement. Grocery advertising commonly uses professional-looking food photographs. The appearance of a photograph

does not plausibly show that Mason Brothers knew the work was owned by Prepared Food Photos, knew Rockefeller had rights under a December 2024 Agency Agreement, knew no license existed, or knew Koplin's Market's use was infringing.

Plaintiff also alleges that Plaintiff or Prepared Food Photos discovered unauthorized use in August 2024 and notified Koplin's Market in writing. Compl. ¶ 31. That allegation does not plead notice to Mason Brothers. It says Koplin's Market was notified. It does not allege that Mason Brothers received the notice, when Mason Brothers received it, what images or links the notice identified, whether the notice accused Mason Brothers, or whether Mason Brothers had the ability to remove the accused content.

That distinction is central. A contributory-infringement theory against Mason Brothers cannot rest on notice allegedly sent to Koplin's Market, unless Plaintiff pleads facts showing Mason Brothers received the notice and materially contributed to infringement after obtaining knowledge.

### B. Plaintiff does not plead Mason Brothers' material contribution to specific infringement.

Material contribution requires more than association with an alleged direct infringer. *Perfect 10, Inc. v. Visa International Service Association*, 494 F.3d 788 (9th Cir. 2007), rejected secondary liability where defendants' services were too attenuated from the infringing activity. Therein, the Ninth Circuit affirmed dismissal of copyright and trademark secondary-liability claims against Visa, MasterCard, and affiliated payment processors because their payment networks did not host, transmit, locate, display, or distribute the infringing images. The court held that merely making infringement more

profitable by processing payments was not a **material contribution** to the infringement, and that the defendants' ability to stop processing payments did not give them the practical right and ability to control the websites' infringing conduct. *Id*. at 796. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007), likewise demonstrates that secondary liability requires a meaningful connection between the defendant's conduct and the infringing act. The Court determined that Google's in-line linking to full-size infringing images did not constitute direct infringement because Google did not store or transmit copies of those images, but merely provided HTML instructions directing users to third-party websites. The court further explained that secondary liability could arise only if Google had actual knowledge of specific infringing material available through its system, could take simple measures to prevent further harm, and nevertheless continued to provide access, underscoring that liability depends on a concrete causal connection between the defendant's conduct and the third party's infringement. *Id*. at 1172.

In its Complaint, Plaintiff alleges generally that Mason Brothers created flyers or advertisements that were then published by Defendants. Compl. ¶ 21. But it does not plead what Mason Brothers did with respect to each accused work or Facebook link. It does not plead whether Mason Brothers selected the image, downloaded it, placed it in a circular, printed it, uploaded it to Facebook, hosted it on a website, sent it to Koplin's Market, or retained removal authority. It does not plead whether Koplin's Market approved the ad, controlled the post, or published the content itself.

The Complaint's failure to connect Mason Brothers to specific acts is fatal to contributory liability. Plaintiff cannot plead a secondary-liability theory by alleging a

business relationship and then asserting that "Defendants" collectively infringed. The contributory theory should be dismissed or narrowed to any Mason-specific conduct pleaded.

## IV. PLAINTIFF'S VICARIOUS INFRINGEMENT THEORY SHOULD BE DISMISSED OR NARROWED BECAUSE PLAINTIFF PLEADS NO CONTROL AND NO DIRECT FINANCIAL BENEFIT.

Vicarious infringement has two elements: the right and ability to supervise the infringing activity and a direct financial benefit from the infringement. *Napster*, 239 F.3d at 1022; *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Plaintiff pleads neither element as to Mason Brothers.

### A. A vendor relationship is not the right and ability to supervise infringement.

The Complaint alleges that Mason Brothers designs and prints weekly circulars and had a customer page for Koplin's Market. Compl. ¶¶ 19, 25. Those allegations do not show that Mason Brothers had the right and ability to supervise Koplin's Market's website, Facebook page, social-media posts, printed-media distribution, or publication decisions.

A supplier, printer, distributor, or advertising-support vendor does not automatically control a customer's publication channels. Plaintiff pleads no administrative access, contractual control, takedown authority, password access, approval right, or power to stop the alleged infringement. Without those facts, Plaintiff has not pleaded the right and ability to supervise.

### B. A generalized promotional benefit is not a direct financial benefit from infringement.

Plaintiff alleges that Mason Brothers included its name or contact information in weekly advertisements or circulars as a means of advertising its own services. Compl. ¶ 26. That allegation does not plead a direct financial benefit from infringement, which requires a causal connection between the infringing activity and the financial benefit. *Ellison* rejected vicarious liability where the alleged benefit was too attenuated from the infringement. 357 F.3d at 1079. *Perfect 10 v. Amazon* similarly recognizes that the benefit must be tied to the infringing activity, not merely to a defendant's general business operations. 508 F.3d at 1173-75.

Here, Plaintiff does not allege that the specific accused food photographs drew customers to Mason Brothers, increased Mason Brothers' revenue, caused any grocery store to hire Mason Brothers, or generated any identifiable sale. At most, Plaintiff alleges a generalized promotional benefit from Mason Brothers' name appearing in circulars. That is not enough for vicarious copyright liability.

## V. PLAINTIFF'S WILLFULNESS ALLEGATIONS SHOULD BE DISMISSED, STRICKEN, OR NARROWED BECAUSE THEY ARE CONCLUSORY AND NOT MASON BROTHERS-SPECIFIC.

Plaintiff seeks a declaration of willful infringement and statutory damages. Willfulness is not established by label alone. It requires facts supporting actual knowledge or reckless disregard of infringement. Plaintiff's allegations do not support that inference as to Mason Brothers.

Plaintiff first points to copyright notices on websites, including "Mason Bros © 2026." Compl. ¶ 40. But ordinary website copyright notices do not plausibly show that Mason Brothers knew that the two (2) specific food images in Exhibit A belonged to

Prepared Food Photos, that Rockefeller had enforcement rights, or that the alleged uses were unauthorized. Copyright notices are common on business websites. Their existence does not transform a disputed infringement claim into a plausible willfulness claim.

Notably, as previously set forth, Plaintiff alleges only that a vague written notice to Koplin's Market. Compl. ¶ 31. But the Complaint does not plead the facts necessary to support a post-notice willfulness theory against Mason Brothers. It does not plead that Mason Brothers received the communications. It does not plead the dates of communications to Mason Brothers. It does not plead what images, links, posts, or pages were identified. It does not plead that Mason Brothers controlled the accused content. It does not plead that Mason Brothers had the ability to remove the content. It does not plead that Mason Brothers refused after receiving a specific demand.

Courts do not credit conclusory willfulness allegations where the pleaded facts do not support knowledge or reckless disregard. *See, e.g.*, *SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 883 (N.D. Cal. 2022) (rejecting willfulness theory where allegations did not plausibly show the defendant's actual knowledge or reckless disregard). While *SA Music* is not controlling, it reflects the basic pleading principle that willfulness must be grounded in facts, not labels.

The willfulness allegations should therefore be dismissed, struck, or narrowed to properly pleaded Mason-specific facts.

## VI. PLAINTIFF'S STATUTORY-DAMAGES AND ATTORNEY-FEE DEMANDS SHOULD BE DISMISSED, STRICKEN, LIMITED OR CLARIFIED UNDER 17 U.S.C. § 412.

Plaintiff seeks actual damages and profits under 17 U.S.C. § 504(b), statutory damages under § 504(c), and attorney's fees under § 505. But statutory damages and attorney's fees are extraordinary remedies subject to § 412.

Section 412 provides that no award of statutory damages or attorney's fees shall be made for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration," unless registration was made within three months after first publication. 17 U.S.C. § 412(2). The statute is designed to encourage prompt registration and to deny statutory damages and fees where infringement began before registration.

Courts applying § 412 hold that a plaintiff cannot recover statutory damages or attorney's fees for post-registration acts where the same defendant's infringement of the same work commenced before registration as part of the same continuing course of infringement. *Feldhacker v. Homes*, 173 F. Supp. 3d 828 (S.D. Iowa 2016), granted Rule 12 dismissal of statutory damages and attorney's fees where the complaint showed infringement commenced before registration, explaining that later acts did not revive those remedies. *Dutch Jackson IATG, LLC v. Basketball Marketing Co.*, 846 F. Supp. 2d 1044 (E.D. Mo. 2012), likewise dismissed statutory damages and attorney's fees under § 412 where infringement began before registration and continued afterward. These decisions follow the majority rule applied by several circuits, including *Mason v. Montgomery Data*, Inc., 967 F.2d 135 (5th Cir. 1992), *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008), *Bouchat v. Bon-Ton Department Stores, Inc.*, 506 F.3d 315 (4th Cir.

2007), *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150 (2nd Cir. 2007), and *Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998).

Plaintiff's allegations of later publication and display dates do not resolve when the alleged infringement commenced for purposes of 17 U.S.C. § 412. Plaintiff may not be required to plead the earliest conceivable infringing act to state a basic copyright claim. But if Plaintiff seeks statutory damages and attorneys' fees, the commencement issue remains critical. The Complaint and Exhibit A identify later ad publication and Facebook-display dates, yet they do not foreclose the possibility that the same alleged infringement commenced earlier through downloading, copying, or other reproduction of the accused images before registration. Nor do they identify which Defendant allegedly engaged in those acts. Mason Brothers therefore preserves its § 412 defense and reserves the right to seek summary judgment or other appropriate relief once the factual record regarding download dates, copying dates, and first use dates is developed.

The omission of a commencement date prevents a threshold remedies determination. The commencement issue is not limited to the date of a public-facing Facebook post, webpage, or printed circular. Copyright infringement may occur when a defendant reproduces a work by downloading, saving, storing, or otherwise fixing a digital copy in a computer system. In *A&M Records v. Napster*, the Ninth Circuit held that users who downloaded copyrighted music files violated the copyright owners' reproduction rights. 239 F.3d 1004, 1014 (9th Cir. 2001). In *MAI Systems Corp. v. Peak Computer, Inc.*, the Ninth Circuit held that loading software into computer memory can create a copy where the embodiment is sufficiently fixed to be perceived, reproduced, or communicated for

more than a transitory duration. 991 F.2d 511, 518 (9th Cir. 1992). And in *Capitol Records, LLC v. ReDigi Inc.*, the court held that transferring a digital music file to a new hard drive or server created a new reproduction because the copyrighted work became fixed in a new material object. 934 F. Supp. 2d 640, 650–51 (S.D.N.Y. 2013). To be sure, merely transitory buffer copies may not be sufficiently fixed. *Cartoon Network LP, LLLP v. CSC Holdings, Inc.*, 536 F.3d 121, 127–30 (2d Cir. 2008). But stored digital image files used or retained for later advertising are materially different from fleeting buffer data.

Plaintiff's actual theory, as pleaded, is not that Mason Brothers once held a valid license that later expired, but that Defendants were never licensed and instead copied the accused images from an online source. Even accepting that theory as pleaded for present purposes, the Complaint still does not establish when the alleged infringement first commenced for purposes of 17 U.S.C. § 412. Allegations that the works later appeared in advertisements, on social media, or in printed media do not foreclose the possibility that the same alleged infringement commenced earlier through downloading, copying, saving, or incorporating the images into design files before the effective registration dates. Nor do the Complaint and Exhibit A identify which Defendant allegedly performed those earlier acts. Therefore, while Plaintiff may not be required to plead the earliest conceivable infringing act in order to state a basic infringement claim, its allegations of later publication and display do not establish entitlement to statutory damages or attorneys' fees, and Mason Brothers preserves that remedies defense for discovery and later dispositive motion practice.

Plaintiff predicates its claims on identified, dated advertisements, webpages, and Facebook posts. Those allegations may identify particular acts of alleged display or publication, but they do not, as pleaded, identify whether any such act was Mason Brothers' first alleged infringement of each asserted work. That distinction matters because the relevant inquiry under 17 U.S.C. § 412 is when the alleged infringement of a particular work commenced, not simply the date of a later alleged public-facing use. Plaintiff does not allege, work by work and as to Mason Brothers, that the dated acts identified in the Complaint were the first alleged acts of copying, display, distribution, or other infringement. Nor does it allege facts establishing that any earlier alleged act commenced only after the applicable effective registration date or within § 412's statutory exception. If discovery establishes that Mason Brothers' alleged infringement of a work commenced before that work's effective registration date and no exception applies, statutory damages and attorney's fees are unavailable for that work; Plaintiff's monetary recovery would be limited to actual damages and any recoverable profits under § 504(b).

Mason Brothers recognizes that the present pleading may not conclusively establish, for every work, whether alleged infringement commenced before or after registration. That is the point. Plaintiff seeks statutory-damages and attorney-fee leverage while withholding the dates necessary to test whether those remedies exist. The Court should dismiss, strike, or limit those remedies to the extent barred by § 412. At minimum, the Court should require Plaintiff to provide a more definite statement identifying, for each work, the date on which Mason Brothers allegedly first copied, acquired, downloaded, saved, stored, selected, placed, displayed, distributed, published, or otherwise used the work; whether Plaintiff

contends Mason Brothers initially acquired the work under a license or other authorization; when that authorization allegedly expired or ceased to permit the challenged use; the first post-expiration act Plaintiff contends constituted infringement; and the factual basis for Plaintiff's contention that § 412 does not bar statutory damages and attorney's fees.

This argument is not an admission of infringement. It is not an admission that Mason Brothers lacked a license or exceeded any license. It is not an insurance-coverage argument. It does not deny that the Complaint alleges advertising-related conduct. Mason Brothers accepts the pleaded allegations solely for purposes of Rule 12. The issue is narrower: Plaintiff must plead facts sufficient to support the extraordinary statutory remedies it seeks.

## VII. ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT.

If the Court does not dismiss the challenged claims, theories and remedies, it should require a more definite statement under Rule 12(e). Plaintiff's Complaint leaves Mason Brothers unable to frame a meaningful answer to key allegations because it does not identify which defendant did what, when, through which platform, after what notice, and with what control.

A more definite statement is warranted for at least five categories of facts. First, Plaintiff must identify the medium and account for each alleged infringement. Exhibit A lists Facebook links, but the Complaint also references websites, webpages, social media, printed media, and circulars. Mason Brothers should not have to guess whether Plaintiff

claims Mason Brothers posted on Facebook, hosted a webpage, printed a circular, or merely supplied services to Koplin's Market.

Second, Plaintiff must identify Mason-specific conduct. It should state whether Mason Brothers allegedly copied, acquired, selected, placed, designed, printed, uploaded, hosted, distributed, displayed, or published each work.

Third, Plaintiff must identify notice. If Plaintiff's willfulness theory rests on post-notice conduct, Plaintiff must state whether notice was sent to Mason Brothers, when it was sent, what it identified, and what Mason Brothers allegedly did afterward.

Fourth, Plaintiff must identify control and benefit. If Plaintiff asserts vicarious liability, it must plead facts showing Mason Brothers had the right and ability to supervise the infringing activity and received a direct financial benefit from infringement.

Fifth, and finally, Plaintiff must identify dates relevant to § 412. If Plaintiff seeks statutory damages and attorney's fees, it must state when the alleged infringement of each work commenced and why § 412 does not bar those remedies.

The Court should require Plaintiff to identify, for each asserted work and alleged infringement:

1. Whether Plaintiff contends the linked Facebook post was posted, controlled, or administered by Mason Brothers, Koplin's Market, or another person;

2. Whether the relevant account, webpage, or publication channel belonged to Mason Brothers, Koplin's Market, or another person;

3. The specific advertisement, circular, webpage, social-media post, printed item, or other medium in which Mason Brothers allegedly participated;

4. The date or date range of each alleged Mason Brothers' act;

5. Whether Plaintiff contends Mason Brothers selected the work;

6. Whether Plaintiff contends Mason Brothers downloaded, copied, acquired, placed, designed, printed, uploaded, hosted, distributed, displayed, or published the work;

7. Whether Plaintiff contends Koplin's Market performed any of those acts;

8. The factual basis for Plaintiff's allegation that Mason Brothers knew any use was infringing;

9. The date and content of any notice allegedly sent to Mason Brothers;

10. The specific content Plaintiff contends remained available after Mason Brothers allegedly received notice;

11. The factual basis for Plaintiff's allegation that Mason Brothers had the right and ability to control any infringing activity;

12. The factual basis for Plaintiff's allegation that Mason Brothers received a direct financial benefit from infringement;

13. The specific third-party business relationships or expectancies supporting Count II;

14. The independent duty supporting Count III;

15. The effective registration date Plaintiff contends applies to each asserted work;

16. The date on which Plaintiff contends Mason Brothers first copied, acquired, downloaded, saved, stored, selected, placed, displayed, distributed, published, or otherwise used each asserted work;

17. Whether Plaintiff contends Mason Brothers initially acquired any asserted work under a license, subscription, vendor agreement, or other authorization;

18. If Plaintiff contends Mason Brothers initially acquired any asserted work under a license or other authorization, the date on which Plaintiff contends that authorization expired or ceased to permit the challenged conduct;

19. The first post-expiration or post-authorization act Plaintiff contends constituted infringement;

20. Whether Plaintiff contends any alleged Mason Brothers infringement of any work commenced before that work's effective registration date; and

21. The factual basis for Plaintiff's demand for statutory damages and attorney's fees for each asserted work, including why Plaintiff contends 17 U.S.C. § 412 does not bar those remedies.

A more definite statement would not prejudice Plaintiff. Plaintiff claims to have screenshots, links, registrations, and notice communications. If Plaintiff has a good-faith basis for its claims and remedies against Mason Brothers, it can state that basis clearly.

**REQUESTED RELIEF**

Mason Brothers respectfully requests that the Court enter an order:

1. Dismissing Count II for tortious interference with business relations;
2. Dismissing Count III for negligence;
3. Dismissing or narrowing Plaintiff's contributory infringement theory;
4. Dismissing or narrowing Plaintiff's vicarious infringement theory;
5. Dismissing, striking, or narrowing Plaintiff's willfulness allegations as to Mason Brothers;
6. Dismissing, striking, or limiting Plaintiff's demand for statutory damages and attorney's fees to the extent barred by 17 U.S.C. § 412;

7. Alternatively, requiring Plaintiff to file a more definite statement under Rule 12(e) addressing the Mason-specific facts and dates identified above; and
8. Granting such other relief as the Court deems just and proper.

## CONCLUSION

Plaintiff's Complaint overreaches. It alleges a copyright dispute involving grocery advertising materials, but it pleads that dispute through collective allegations that do not support the claims, theories, and remedies asserted against Mason Brothers. The state-law claims are inadequately pleaded and preempted. The contributory infringement theory lacks Mason-specific knowledge and material contribution. The vicarious infringement theory lacks control and direct financial benefit. The willfulness theory lacks Mason-specific knowledge, notice, and post-notice control. The statutory-damages and attorney-fee demands lack the commencement dates necessary to determine whether § 412 bars those remedies.

The Federal Rules require Plaintiff to plead facts before imposing the cost and leverage of broad discovery, secondary liability, willfulness, state-law tort claims, and statutory damages. The Court should dismiss the deficient claims, theories, and remedies now. At minimum, Plaintiff should be required to file a more definite statement identifying what Mason Brothers allegedly did, when Mason Brothers allegedly did it, what Mason Brothers allegedly knew, what Mason Brothers allegedly controlled, what Mason Brothers allegedly gained, and why Plaintiff contends statutory damages and attorney's fees are legally available.

Dated: August 13, 2026

Respectfully submitted,

KLEHR & MULLIGAN, PLLC

*s/ Nicholas L. Klehr*

Nicholas L. Klehr (#23932X)
Lori L. Jensen-Lea (#0238995)
*Attorneys for Defendant Mason Brothers*
10125 Crosstown Circle, Suite 200
Eden Prairie, MN 55433
(952) 395-4450
nklehr@klehrlaw.com
ljensenlea@klehrlaw.com